# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEANNA DAVISON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Cause No. 1:16-cv-894-WTL-TAB |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of the Social Security ) | |
| Administration,[1] ) | |
| ) | |
| Defendant. ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Deanna Davison requests judicial review of the final decision of the Defendant, Nancy A. Berryhill, Acting Commissioner of the Social Security Administration ("Commissioner"), denying Davison's applications for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act") and Supplemental Security Income ("SSI") under Title XVI of the Act. The Court, having reviewed the record and the briefs of the parties, rules as follows.

## I.    APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d)(1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Nancy A. Berryhill automatically became the Defendant in this case when she succeeded Carolyn Colvin as the Acting Commissioner of Social Security on January 23, 2017.

work, but any other kind of gainful employment which exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b).[2] At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), he is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled. 20 C.F.R. § 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

In reviewing the ALJ's decision, the ALJ's findings of fact are conclusive and must be upheld by this court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.*, and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue*, 546 F.3d 456, 462 (7th Cir. 2008). In order to be affirmed, the ALJ must articulate his analysis of the evidence in his decision; while he "is not required to

---

[2] The Code of Federal Regulations contains separate sections relating to DIB and SSI that are identical in all respects relevant to this case. For the sake of simplicity, this Entry contains citations to DIB sections only.

address every piece of evidence or testimony presented," he must "provide an accurate and logical bridge between the evidence and [his] conclusion that a claimant is not disabled." *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012). "If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required." *Id.* (citation omitted).

## II.  BACKGROUND

Davison protectively filed for DIB and SSI on May 21, 2012, alleging that she became disabled on November 15, 2011, due to Chiari malformation, migraines, epilepsy, COPD, and depression. Her application was denied initially and upon reconsideration on February 13, 2013.

Thereafter, Davison requested and received a hearing before an Administrative Law Judge ("ALJ"). A hearing, during which Davison was represented by counsel, was held by ALJ Ronald Jordan on October 28, 2014. An impartial vocational expert also appeared and testified at the hearing. The ALJ issued his decision denying Davison's claim on December 11, 2014. After the Appeals Council denied her request for review, Davison filed this timely appeal.

## III.  THE ALJ'S DECISION

At step one of the sequential evaluation, the ALJ determined that Davison had not engaged in substantial gainful activity since her alleged disability onset date. The ALJ found that Davison met the disability insured status requirements of the Act (for purposes of DIB) through March 31, 2016. At steps two and three, the ALJ concluded the claimant suffered from the following severe impairments: COPD, seizure disorder, migraine headaches, and obesity, but that her impairments, singly or in combination, did not meet or medically equal a listed impairment. At step four, the ALJ determined that Davison had the residual functional capacity ("RFC") to perform a limited range of light work, and specifically could

lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand and walk for six hours during an eight-hour workday; sit for six hours during an eight-hour workday; occasionally stoop, balance, crouch, kneel, crawl, and climb ramps or stairs; never climb ladders, ropes, or scaffolds; never work around hazards such as unprotected heights or unguarded moving machinery; never drive; and never be exposed to concentrated levels of dust, fumes, gases, or strong odors.

R. at 25. The ALJ concluded Davison was able to perform her past relevant work as an assistant manager, security guard, and security superintendent. Accordingly, the ALJ concluded that Davison was not disabled as defined by the Act.

## IV. EVIDENCE OF RECORD

The medical evidence of record is aptly set forth in Davison's brief (Dkt. No. 15) and need not be recited here. Specific facts are set forth in the discussion section below where relevant.

## V. DISCUSSION

### A. The ALJ's Failure to Find that Davison's Cervical Degenerative Disc Disease was Severe

Davison argues that the ALJ's decision that Davison's cervical degenerative disc disease was not severe is not supported by substantial evidence. Regarding Davison's cervical degenerative disc disease, the ALJ found the following:

> As to the claimant's cervical degenerative disc disease, on April 5, 2013, during the claimant's establish [sic] of care appointment at HealthNet, she reported taking Vicodin, but only reported seizures, depression, migraine headache, chronic obstructive pulmonary disease, emphysema, and anxiety in her medical history. On review of symptoms she reported neck pain and on examination she had stiffness and decreased range of motion of the neck. The claimant continued to receive medication refills for her reported neck pain.
>
> On September 19, 2014, the claimant had an MRI of the cervical spine at Indiana University Health. The impression from this MRI was that the claimant had C5-C6 disc bulge producing mild spinal canal stenosis and right foraminal stenosis. The claimant has only continued to receive medication for her reported

> pain. She has not participated in any physical therapy or pain management nor has she been recommended for orthopedic evaluation, steroid injections, or surgery.

R. at 21-22 (citations omitted)

An impairment is non-severe only when the impairment is so slight that it has no more than a de-minimis effect on the ability to perform basic work activities. Social Security Ruling 85-28. "An impairment is not severe if it does not significantly limit your physical or mental abilities to do basic work activities." 20 C.F.R 404.1521(a) and 416.921(a).

"The Step 2 determination is 'a *de minimis* screening for groundless claims' intended to exclude slight abnormalities that only minimally impact a claimant's basic activities," *O'Connor-Spinner v. Colvin*, 832 F.3d 690, 697 (7th Cir. 2016) (quoting *Thomas v. Colvin*, 826 F.3d 953, 960 (7th Cir. 2016)); *see also Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016). The Seventh Circuit has categorized errors in determining an impairment's severity as harmless as long as the ALJ otherwise finds one severe impairment, continues through the steps in the evaluation process, and "consider[s] all of [the claimant]'s severe and non-severe impairments, the objective medical evidence, [the claimant's] symptoms, and her credibility when determining her RFC immediately after step 3." *Curvin v. Colvin*, 778 F.3d 645, 649 (7th Cir. 2015); *see also Arnett v. Astrue*, 676 F.3d 586, 591 (7th Cir. 2012) ("Deciding whether impairments are severe at Step 2 is a threshold issue only; an ALJ must continue on to the remaining steps of the evaluation process as long as there exists even *one* severe impairment. Here the ALJ categorized two impairments as severe, and so any error of omission [at Step 2 regarding the severity of other impairments] was harmless.") (citations omitted).

The Court need not determine whether the ALJ erred in not finding that Davison's cervical degenerative disc disease was severe. Here, the ALJ concluded that Davison had four severe impairments–COPD, seizure disorder, migraine headaches, and obesity. At that point, the

ALJ crossed step two's threshold and continued the evaluation process. If the ALJ erred in determining that Davison's cervical degenerative disc disease was not severe, such error will be deemed harmless if the ALJ considered that impairment, along with all of Davison's other severe and non-severe impairments, in making an RFC determination.

### B. The ALJ's RFC Finding

Although the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence" and lists "chronic obstructive pulmonary disease; seizure disorder; migraine headaches; and obesity," s*ee* R. at 24, "an ALJ is required to consider the aggregate effects of a claimant's impairments, including impairments that, in isolation, are not severe," *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008) (citing 20 C.F.R. § 404.1523); *see also Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) ("[T]he ALJ needed to consider the *aggregate* effect of this entire constellation of ailments-including those impairments that in isolation are not severe."). Here, the RFC fails to sufficiently taken into account the evidence concerning Davison's cervical degenerative disc disease, COPD, and migraines. For example, the ALJ did not explain how standing and walking for six hours in an eight-hour work day is consistent with Davison's pulmonary function testing results and her reported COPD symptoms, including the need for frequent rest breaks, phlegm production, shortness of breath at night, shortness of breath at rest, shortness of breath with exertion, chest tightness, and wheezing. Because the ALJ did not consider the aggregate effect of Davison's impairments, remand is required to allow the ALJ to consider the combined effects of all of Davison's impairments, both severe and non-severe, in determining her RFC.

## C. The ALJ's Credibility Finding

Davison asserts that the ALJ erred in his finding that Davison's statements concerning the severity, intensity, persistence and limited effect of her symptoms were not entirely credible. The Court agrees. Davison testified that she cannot walk to her mailbox without wheezing and using her inhaler and that it takes her two to three hours to vacuum because she has to sit down and rest periodically. Further, she testified that she can only be on her feet for fifteen to twenty minutes before she has to stop because she is wheezing and feels lightheaded and that she has to walk slowly at the grocery store and take rest breaks.

Under the standard that was applicable at the time of the ALJ's decision, with regard to subjective symptoms such as fatigue and shortness of breath, if a claimant had a medically determinable impairment that was reasonably expected to produce these symptoms, then the ALJ was required to evaluate the credibility of the claimant's testimony regarding the extent of those symptoms. "In determining credibility an ALJ must consider several factors, including the claimant's daily activities, her level of pain or symptoms, aggravating factors, medication, treatment, and limitations, *see* 20 C.F.R. § 404.1529(c); S.S.R. 96-7p,[3] and justify the finding with specific reasons." *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). The regulations further provide that "we will not reject your statements about the intensity and persistence of your pain or other symptoms or about the effect your symptoms have on your ability to work solely because the available objective medical evidence does not substantiate your statements." 20 C.F.R. § 404.1529(c)(2).

---

[3]S.S.R. 96-7p has been superseded by S.S.R. 16-3p, which the agency explained "eliminate[d] the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term" and "clarif[ied] that subjective symptom evaluation is not an examination of an individual's character."

7

In this case, the ALJ determined that Davison's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." R. at 27. The ALJ stated that he did not find that Davison's activities of daily activities were not limited to the extent one would expect, given the complaints of disabling symptoms and limitations. To support his conclusion, the ALJ noted that Davison can dress herself, bathe herself, cook, and clean. However, the ALJ failed to address the difficulties Davison had while performing these tasks and the need for rest breaks.

"The determination of credibility must contain specific reasons for the credibility finding" and "must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008) (citation omitted). In addition, "[a]lthough an ALJ's credibility determinations are generally entitled to deference, this Court has 'greater freedom to review credibility determinations based upon objective factors or fundamental implausibilities, rather than subjective considerations' such as the claimant's demeanor." *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016) (quotation omitted). The ALJ did not give sufficient reason for discrediting Davison. This was error that must be corrected on remand by applying S.S.R. 16-3p.

## VI. CONCLUSION

For the reasons set forth above, the decision of the Commissioner is **REVERSED AND REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 8/24/17

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.